UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62429-CIV-COHN/SELTZER

FRANK BRETT,

    Plaintiff,

v.

REMAX PARTNERS, et al.,

    Defendants.

_____/

## ORDER DISMISSING ACTION WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Plaintiff Frank Brett's *pro se* Complaint [DE 1] ("Complaint").  The Court has carefully considered the Complaint, the attachments thereto, the entire record in this case, and is otherwise advised in the premises.

Because Plaintiff has not paid a filing fee, the Court conducts a screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court, therefore, is required to dismiss the Complaint upon a finding that the Complaint is either frivolous, malicious or fails to state a claim on which relief may be granted.  For the purposes of this screening, the Court assumes as true all allegations contained within the Complaint.

I.  BACKGROUND

On December 14, 2010, Plaintiff filed the Complaint, naming "#1 Remax Partners, #2 City of Orlando, FL Police Dept, Officer James Strawn, [and] #3 Jo ANN Fabrics" (collectively, "Defendants").[1]  Complaint at 1.  The Complaint alleges that

---

[1] Within the body of the Complaint, Plaintiff also asserts that "I am suing unknown person, Black Jaguar - FL License Plate (BLCK-KAT) for 900 hundred thousand dollars.  I am suing Ingleses Evangelical Church for 3 million Dollars For 1968 Civil Rights Act."  Complaint at 4.

Plaintiff was "petitioning in the parking lot of JoAnn Fabrics at 3562 East Colonial Dr., Orlando, FL 32803." Id. Plaintiff does not explain why he was petitioning or what he was petitioning for. Notwithstanding, Plaintiff alleges that the manager of one of the businesses located at the property informed petitioner that he could not petition there. See id. at 5. Thereafter, a police officer, Defendant James Strawn, arrived on the scene and informed Plaintiff that he could not petition at the commercial property. See id. Plaintiff does not allege that Officer Strawn threatened to arrest him. See id. Nonetheless, Plaintiff left the property. See id.

Accordingly, Plaintiff alleges as follows:

> My 14th Amendment Right to work without harassment by police and Barbara and Black Jaguar FL Plate (BLCK-KAT) unknown woman 14th Amendment when police are discriminating against out of staters. This is intensional [sic] discrimination. Officer James Strawn asked me what a man from Pennsylvania is doing working Petitions in Florida for. I told him I was just trying to make a Living. Under U.S. State of South Carolina vs. Katezenbach. That my Civil Rights have been invaded by the Lady in the Black Jaguar (BLCK-KAT) FL. Plate. That I am deprived equal protection of the laws against state denial or invasion of Civil Rights by Police and a Business Woman.

Id. From there, the Complaint becomes both illegible and increasingly difficult to understand. See generally id. Plaintiff identifies a number of individuals and alleges that they harassed him in a variety of ways. See generally id. Plaintiff attaches several documents to the Complaint, but their relevance is not explained, nor is it clear to the undersigned what is the significance of the attachments. See generally id.

## II.  DISCUSSION

### A. Legal Standard

A complaint is subject to a screening pursuant to 28 U.S .C. § 1915(e)(2). Section 1915 reads in pertinent part:

> (e) (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> ...
>
> (B) the action or appeal-
>
> ...
>
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915.  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  At this stage of litigation, the allegations of a complaint are taken as true and are construed in the light most favorable to the plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

**B. Plaintiff Has Failed to State a Claim on which Relief May Be Granted**

Federal Rule of Civil Procedure 8(a) provides the following:

(a) Claim for Relief. A pleading [i.e., a complaint] that states a claim for relief *must* contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added).  Although this Court construes Plaintiff's Complaint liberally because he is proceeding *pro se,* Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the Court is not permitted to act as counsel for a party or to rewrite deficient pleadings.  See, e.g., United States v. Stossel, 348 F.3d 1320, 1321 n.2 (11th Cir. 2003).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quotation omitted).  Here, Plaintiff offers no facts that support his claims that the named defendants violated his civil rights.  Although Plaintiff cites Pruneyard Shopping Ctr. vs Robin, 447 US 74 (1980) to support his assertion that Defendants violated his rights by refusing to allow him to petition on private property, Pruneyard held that a California law allowing individuals to petition on private property does not violate the shopping center owner's rights under the Fifth and Fourteenth Amendments.  Thus, Pruneyard does not aide Plaintiff's cause here.

4

Indeed, "the First and Fourteenth Amendments safeguard the rights of free speech and assembly by limitations on state action, not on action by the owner of private property used nondiscriminately for private purposes only." Lloyd Corp. v. Tanner, 407 U.S. 551, 567 (1972).  Furthermore, a business owner "is entitled to exclude individuals from coming onto [its] privately owned or leased properties where such persons seek to use the premises for any purpose other than shopping." Publix Super Markets, Inc. v. Tallahasseans for Practical Law Enforcement, NO. 2004 CA 1817, 2005 WL 3673662, at *5 (Fla. Cir. Ct. Dec. 13, 2005); but see Wood v. State, No.00-0644-MMM-A, 2003 WL 1955433, at *2 (Fla. Cir. Ct. Feb. 26, 2003) (holding that "the Constitution of Florida prohibits a private owner of a 'quasi-public' place [like a large shopping mall] from using state trespass laws to exclude peaceful political activity.").

A small commercial property is more akin to a supermarket than a large shopping mall.  Thus, even if Florida law prohibits a private owner of a "quasi-public" place from excluding peaceful political activity, the location described in the Complaint does not constitute a "quasi-public" place and Plaintiff has not alleged facts that show his "petitioning" constituted a peaceful political activity.  Because there is no right to petition in a privately owned commercial property that is not a "quasi-public" place, the Complaint in this case fails to comply with Federal Rules of Civil Procedure 8(a) and 12(b)(6).  Nonetheless, the Court will grant Plaintiff leave to file an amended complaint.

III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may file an amended complaint no later than February 7, 2011.[2]

3. All other pending motions are **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of January, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Frank Brett
2500 NE 48th Lane
Apt 609
Fort Lauderdale, FL 33304

---

[2] Should Plaintiff decide to file an amended complaint, in addition to the requirements of Federal Rule of Civil Procedure 8(a), set forth above, the amended complaint must comport with Federal Rule of Civil Procedure 10(b) which states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Also, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Id. Likewise, Plaintiff must adhere to Federal Rule of Civil Procedure 8(d) which states that "[e]ach allegation must be simple, concise, and direct."  Furthermore, if Plaintiff files an amended complaint, he must adhere to Local Rule 5.1(a) which provides that a complaint shall "[b]e plainly typed or written on one (1) side with 1" margins on top, bottom, and each side."